OPINION
Appellant, Ervin Clinton, was convicted and sentenced in May 1994 on two counts of sexual battery. In August 1997, the Erie County Court of Common Pleas conducted a hearing to determine if appellant should be classified as a sexual predator. Over appellant's objections, the trial court made such a determination.
Appellant now appeals that judgment. Appellant argues that the court violated both his United States and Ohio constitutional rights by applying newly enacted R.C. Chapter 2950 retroactively to his case. Appellant also contends that, even if such law does apply, the trial court erred in classifying him as a sexual predator.
Upon the authority of State v. Gonyer (June 26, 1998), Wood App. No. WD-97-062, unreported, this court finds appellant's first assignment of error well-taken. The application of R.C. Chapter 2950 to appellant's conduct violates Section 28, ArticleII of the Ohio Constitution because it constitutes a retroactive application of the law. Appellant's remaining assignments of error are thus rendered moot.
The judgment of the Erie County Court of Common Pleas is reversed. Court costs of this appeal are assessed to appel lee.
Finding our decision in this case to be in conflict withState v. Lance,(Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, C-970283, unreported; State v. Kimble, (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported; and State v. Lyttle, (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, on the issue of the constitutionality of R.C. Chapter 2950, we certify the record of the instant case to the Supreme Court of Ohio for review and final determination.
JUDGMENT REVERSED.
 Peter M. Handwork, P.J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.